6765

DeLORME v. ATLANTIC COAST LINE R. R. CO.

1. Railroads.—The Act, 24 Stat., 1, relating to liability of connecting carriers does not apply to a shipment over one line.
2. Ibid.—Constitutional Law.—The Act, 24 Stat., 81 relating to adjustment of loss of or damage to freight is held constitutional in *Charles* v. *R. R.,* 78 S. C., 36, and that case is followed here.

Before Memminger, J., Clarendon, June, 1907. Affirmed.

Action by M. DeLorme against Atlantic Coast Line Railroad Company. From judgment for plaintiff, defendant appeals.

This case was not printed in numerical order because copy was mislaid.

*Messrs. J. T. Barron* and *Purdy & O'Brien,* for appellant. No argument.

*Messrs. Davis & Weinberg,* contra, cite: *Penalty act is constitutional:* 63 S. C., 169; 73 S. C., 71, 140; 78 S. C., 36. *Freight receipt shows it was received by defendant:* 76 S. C., 308.

February 25, 1908. The opinion of the Court was delivered by

Mr. Justice Jones. This is an appeal by defendant from a judgment of the Circuit Court affirming the judgment of a magistrate for loss of freight while in the possession of the defendant, $7.13, and the statutory penalty, $50.00, for failure to adjust the loss within ninety days.

Appellant, under its first exception, endeavors to raise the question as to the constitutionality of the act approved May 13, A. D. 1903, entitled "An act to further define connecting lines of common carriers and to fix their liabilities." There is, however, no basis for the exception in the record. No liability of a connecting carrier is involved; the undisputed evidence being that the goods were delivered to defendant and the loss accrued while in defendant's possession.

Under the second exception, appellant assails the constitutionality of the penalty statute approved February 23, 1903, entitled "An act to regulate the manner in which common carriers doing business in this State shall adjust freight charges and claims for the loss of or damage to freight." This question is settled against appellant by the case of *Charles* v. *Atlantic Coast Line R. R. Co.,* 78 S. C., 36, which has been approved in other cases.

The remaining exceptions, alleging the total absence of evidence to sustain the judgment, can not be sustained.

The original bill of lading introduced in evidence showed receipt by defendant of six boxes of crackers consigned to plaintiff, Greelyville, S. C., and defendant's receipt to the plaintiff consignee at Greelyville, S. C., for freight charges on five of said boxes and acknowledging shortage of one box (for loss of which the suit was brought) showed that the loss occurred while the goods were in defendant's possession.

The judgment of the Court is affirmed.